IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CV-184-BO

| | |
|---|---|
| ROBERT SISSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 31 & 40]. A hearing on this matter was held in Edenton, North Carolina on December 18, 2012. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Administrative Law Judge is AFFIRMED.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act on June 4, 2007. The plaintiff allegedly suffers from fibromyalgia and irritable bowel syndrome, gastroesophageal reflux disease, back pain, and bipolar disorder. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). On April 13, 2010, the ALJ heard the plaintiff's claim and on April 23, 2010, the ALJ issued her decision denying the plaintiff's claim. Plaintiff then requested review by the Appeals Council and, on July 6, 2010, the Appeals Council denied review rendering the ALJ's decision the final decision of the

1

Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

The plaintiff has suffered from various ailments, but has struggled with depression, a diagnosis of bipolar disorder and other mental limitations. Specifically, the claimant functions at a very low range of intelligence and has a full scale IQ of 64. [Tr. 296]. Despite his low IQ score, the plaintiff scored significantly higher on Broad Reading and Broad Written Language evaluations [Tr. 297] and has a solid work history. In February 2008, the plaintiff underwent a mental residual functional capacity assessment and a psychiatric review at the request of DDS. Dr. Mitchell Rapp, Ph.D. found that while the plaintiff suffered from some moderate limitations in activities of daily living his past work history, and overall adaptive functioning did not support a finding that he was mildly mentally retarded such that he would fall under Listing 12.04. [Tr. 335-337]. This assessment is supported by the plaintiff's statements regarding his ability to function. Mr. Sisson stated that is able to do his own laundry and drive without difficulty. [Tr. 173]. Although he does not do much of the cooking, he is able to wash the dishes. *Id.* Finally, the plaintiff has not experienced any episodes of decompensation. In February, 2010, the plaintiff experienced some erratic behavior, but that behavior was perhaps attributable to plaintiff's voluntary decision to stop taking his prescribed Prozac, which he admitted in March, 2010. [Tr. 406, 427]. When the plaintiff began taking new medication he was once again calm and his speech, which has been pressured and tangential, was normal. [Tr. 406, 465, 468].

## DISCUSSION

The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 301 et seq., is limited to determining whether the findings of the

ALJ are supported by substantial evidence and whether the correct law was applied. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also* 42 U.S.C. § 405(g) (providing that findings of fact shall be conclusive if supported by substantial evidence). "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court must not substitute its judgment for that of the Commission if the Commissioner's decision is supported by substantial evidence. *See Hunter v. Sullivan*, 933 F.2d 31, 34 (4th Cir. 1992) (citing *Hays*, 907 F.2d at 1456 (4th Cir. 1990)).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first

3

four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ found that the plaintiff was not disabled because he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Further, the ALJ determined that the plaintiff has the residual functional capacity ("RFC") to perform medium work. Finally, after taking the testimony of a vocational expert ("VE"), the ALJ determined that, while the claimant could not return to his past relevant work, the claimant is able to perform other work that exists in significant numbers in the national economy. The ALJ's findings are supported by substantial evidence and, as such, it is proper to affirm her determination that the claimant is not disabled and, therefore, not entitled to benefits.

Listing 12.04 was at issue in this case. Subpart B of that listing requires that the claimant suffer from at least two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintain concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration . . .

In this context, marked refers to limitations that are more than moderate, but less than extreme.

DDS evaluations in the record revealed that the plaintiff suffered only from marked restrictions. Those evaluations were corroborated by the plaintiff's own statements about his ability to function, including his ability to drive without difficulty. They were also corroborated by the plaintiff's high scores on language and reading evaluations. The ALJ relied on these reports, finding some of the plaintiff's testimony to lack credibility, and committed no error in doing so. Further, plaintiff's condition was apparently controlled when he complied with

4

prescribed medication dosing. The symptoms flowing from a claimant's failure to take prescribed medication cannot support a finding of disability. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986). The plaintiff carries the burden at step three of the framework and has failed to show that the plaintiff experiences marked difficulties in two of the 12.04B categories. The ALJ's findings were supported by substantial evidence and, as such, it is proper to affirm her decision.

## CONCLUSION

For the reasons outlined above, plaintiff's motion for judgment on the pleadings is DENIED, defendant's motion for judgment on the pleadings is GRANTED. The decision of the Administrative Law Judge is AFFIRMED.

SO ORDERED.

This, the \_\_10\_\_ day of August, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE